IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 6: 01 mj 00020 HGB |
| Plaintiff, | ) ) | ORDER DENYING PETITION FOR EXPUNGEMENT |
| vs. | ) ) | |
| ROBERT D. SANDER, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

     On January 22, 2007, Defendant sent in paper a request for expungement pursuant to 18 U.S.C. Section 3607(a), and a proposed order granting the request.

     In his request, Defendant seeks expungement of a conviction, pursuant to a plea of no contest, of a misdemeanor charge of misappropriation of property. Defendant asserts that he has paid the fine imposed and completed the terms of probation for that conviction. He now asks to have this misdemeanor expunged.

     The proposed order granting Defendant's request provides for dismissal pursuant to

1  18 U.S.C. Section 3607(a), which provides as follows:

> a) Pre-judgment probation.--If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. 844)--
>
> (1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and
>
> (2) has not previously been the subject of a disposition under this subsection;
>
> the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. If the person violates a condition of his probation, the court shall proceed in accordance with the provisions of section 3565.

Defendant was not convicted of an offense described in Section 404 of the Controlled Substances Act. Therefore, 18 U.S.C. Section 3607(a), provides no basis for the expungement of Defendant's conviction.

The issue of expungement of records of criminal convictions is discussed thoroughly in United States of America v. Crowell, 374 F.2d 790 (9th Cir. 2004). In that opinion, the court states in part as follows:

> Congress has not expressly granted to the federal courts a general power to expunge criminal records. Nevertheless, we have asserted that federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases. We have held that in criminal proceedings "district courts possess ancillary jurisdiction to expunge criminal records. That jurisdiction flows out of the congressional grant of jurisdiction to hear cases involving offenses against the United States pursuant to 18 U.S.C. § 3231." [United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir.2000).] We have also held, however, that district courts do not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations," because "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." Id. Accordingly, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." Id.

In this case, Defendant does not claim that his arrest or conviction was unlawful, or that any

clerical error was made.  Therefore, this court lacks jurisdiction to expunge the record of his criminal conviction.

    In light of the foregoing, IT IS HEREBY ORDERED as follows:

1.    The Clerk of the Court is directed to scan into the electronic filing system the letter which Defendant sent to the court in paper format on January 22, 2007;
3.    Defendant's request for expungement  HEREBY DENIED;
4.    The Clerk of the Court is DIRECTED to serve Defendant with a paper copy of this order.

IT IS SO ORDERED.

**Dated:   January 30, 2007**                **/s/  William M. Wunderlich**
mmkd34                                      UNITED STATES MAGISTRATE JUDGE